**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

**CIVIL ACTION NO. 05-262-JBC**

**BILLY DARRELL HALL,**                                            **PLAINTIFF,**

**V.**            <u>**MEMORANDUM OPINION AND ORDER**</u>

**HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY,**                                    **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for entry of judgment reversing the administrative decision denying benefits and ordering reinstatement of benefits (DE 20). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion.

This action involves the plaintiff's claim for disability benefits under an employee benefit plan governed by ERISA. In a Memorandum Opinion and Order entered on April 17, 2006, the court granted the plaintiff's motion for a judgment reversing the administrative decision denying the plaintiff's benefits claim and remanded this case to the plan administrator for further proceedings. On May 4, 2006, the court entered a judgment consistent with its Memorandum Opinion and Order. The plaintiff filed this motion on October 27, 2006.

The plaintiff requests that the court now enter a judgment reversing the administrative decision and ordering the payment of benefits, rather than remanding this matter to the plan administrator. Although the plaintiff has styled this motion as a motion for judgment, the court has, as the plaintiff acknowledges, already

entered judgment in this case. Thus, the plaintiff's request is most reasonably construed as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) or relief from judgment pursuant to Fed. R. Civ. P. 60(b).

The defendant argues that, even if the plaintiff's motion is proper under either of these rules, the court's decision to remand this case to the plan administrator was appropriate and should not be overturned. Once a court finds that an administrator has acted arbitrarily and capriciously in denying a claim for benefits, the court can either remand the case to the administrator for a renewed evaluation of the claimant's case or it can award a retroactive reinstatement of benefits. *Cook v. Liberty Life Assurance Co.*, 320 F.3d 11, 24 (1st Cir. 2003). A retroactive grant of benefits is permissible without remanding the case when there are no factual determinations to be made. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 715 (6th Cir. 2000). On the other hand, the remedy when a plan administrator fails to make adequate findings or to explain adequately the grounds of its decision to deny a claim for benefits is to remand the case to the administrator for further findings. *Caldwell v. Life Ins. Co. of North America,* 287 F.3d 1276, 1288 (10th Cir. 2002)

In its Memorandum Opinion and Order, the court found that the defendant's decision to deny the plaintiff's claim was arbitrary and capricious because it failed to provide adequate justifications for its decision to disregard the opinion of the plaintiff's treating physician and his social security award in favor of a vocational review of his medical records. Thus, it is only appropriate to remand this case to

the plan administrator for further findings. Moreover, as the court noted in its Memorandum Opinion and Order, its responsibility is to determine whether the administrator's actions were arbitrary and capricious, not to determine "whether [the plaintiff] was, in [its] view, entitled to disability benefits." *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 381 (10th Cir. 1992). The plan administrator is better-suited than the court to address the issue of the plaintiff's entitlement to benefits.

Thus, without regard to whether the plaintiff has met the exacting standards he must satisfy pursuant to Rules 59(e) and 60(b), the court finds that its original disposition of this action was correct. Accordingly,

**IT IS ORDERED** that the plaintiff's motion (DE 20) is **DENIED**.

Signed on December 8, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY